Good morning. My name is Mark Watson. I'm here on behalf of the plaintiff and appellant Stephen Kassel. With me is Matt Weiner from my office. I'd like to reserve five minutes for rebuttal. If it would please the court. You have to keep track of your time. Okay, I will. If the clerk will give you some notice, this good clerk, she does a good job. Okay. Initially I'd like to point out that while the appellee attempts to make the standard of review not a de novo review, we would argue that any time you have a question of law or interpretation of a law or interpretation of a constitutional right, that would be a de novo review. Excuse me. Now, you've come to a stipulation with counsel or worked it out with the bankruptcy court that we are not hindered by the automatic stay in any way at this time? I believe I wasn't involved in the bankruptcy proceedings, but I believe that you will. I'll ask opposing counsel. Okay. Thank you. You go ahead. With respect to the jury trial, I think this case is right on point with the Norbrook decision of the Ninth Circuit. In that case, they said that a tax penalty case, the taxpayer is entitled to a jury trial. Well, but it's my understanding that you asked for a jury trial when you first got there, and that's the last time anybody ever said anything about it. At the pretrial conference, Judge Conte struck it, and I objected to that, and he said he didn't want to hear anything more about it. So as in Norbrook ---- Well, do I have that in the record? No, I don't believe there's a transcript of that. But in ---- So you're suggesting that you asked for a jury trial, and, I mean, I looked at the record. I tried to figure that out because, again, I'm an old district judge here, and if I haven't asked for a jury trial, I have to make a decision about it. If I'm going to do something about it and I say I'm not going to have one, counsel has a right to put something in the record that would suggest that he asked for one, and I said no, and how bad I was for saying no, and how I should personally get off the bench for denying him of all of his rights. I saw none of that. I saw nothing here. In fact, you went to trial. We had a bench trial, and no objection ever on the record anyplace, and I guess I'm trying to figure out under White v. McGinnis why this isn't waived. Well, I don't think it's waived. As in Nordbrook, it was stricken in a pretrial order, and here as well. We requested it both in our case management statement and in our complaint. And I don't believe that ---- I think it's reasonable to infer that we did not waive it. In Nordbrook, there was a constant demand for a jury trial. I mean, I saw it in that record several times. I wasn't there, of course, but it's in the record a lot. In here, I never saw it in the record at all. Well, I think it's reasonable to ---- I think the indulgence that we did not waive our jury trial is reasonable. I guess. Okay. I mean, the record is ---- The fact that it's not in the record is not your fault? Is that what you're saying? Right. Oh, you do practice in the federal ---- in the court system. You do know you make a record so that you can appeal it, and it's in there, and ---- I believe it is in the record. I believe it's in our complaint, and it's in our pretrial conference statement. All right. With respect to the ---- what I believe is the most important point is the fact that the United States had admitted that Mr. Castle did not participate in an abuse of tax shelter. The U.S. attorney tries to get around this by saying that Section 6700 is very encompassing, and we don't take argument with that. We also think a very encompassing term is the abuse of tax ---- what an abuse of tax shelter is. And if you take a look at Section 6662, it uses almost the identical language of 6700, and that was argued at trial. Are you suggesting that the statute cannot encompass a tax shelter? No. I'm saying that 6700 encompasses an abuse of tax shelter. Okay. Are you saying that the language thereof does not encompass schemes promoting tax fraud? No, just the opposite. I believe that when we requested them to admit that he did not engage in an abuse ---- promotion of an abuse of tax shelter, they said he did not. We look at the meaning of an abuse of tax shelter, and clearly 6662 says it includes any other plan or arrangement if a significant purpose is the avoidance of evasion of federal income tax, and that's what this case is about. That's what the U.S. attorney argued, and you can find that in the appendix on page 186, 193, and 199, and that's the theory offered by Agent Gathright in his testimony on page 111. In their brief, they use that exact same language. They say that this is an other plan or arrangement, but that's encompassed in the definition of an abuse of tax shelter within Code Section 6662. So we feel that since we objected to the admission of the evidence based on that, we brought a motion of limine, both before the trial and at the very end of the trial, that they should not have been allowed to present evidence that is contrary to their admission that Mr. Castle did not promote an abuse of tax shelter. And therefore, all the evidence supporting an abuse of tax shelter or supporting a violation of 6700 should not have been admitted. Also, we feel that we were prejudiced in the fact that Agent Gathright gave expert testimony, and contrary to Federal Rule of Evidence 701. Let me ask you a little bit about that. Having been on the district court bench, is there anything in the record that would suggest that Agent Gathright had no foundation for what he said? Yes. What? Foundation as to his expert testimony? Well, I mean, Agent Gathright was there. He was, let's say he was just simply a normal witness, not an expert witness. But even those that are ordinary witnesses have a right under the rules to testify about things they know of. A normal witness is not allowed to testify about anything of a specialized knowledge. I would say that the interpretation or application of the tax code is a specialized knowledge. And secondly, McHugh, the court point held in McHugh that even an expert cannot testify whether a certain conduct is legal or not legal. So the fact that he's testifying as well as this case. Well, I'm not sure, given that the judge was the jury, that he would have even relied on Agent Gathright. Are you suggesting that there's no testimony other than his to support the district court's verdict? Because you're in testimony. You're in a different situation here. I was on the trial bench. I often said we had all these objections as to foundation about certain things. But I always said let it in for what it's worth. If there's no evidence to sustain the verdict in any other way, he won't get there. But why are we having all of these objections? I'm the judge and the jury now. I determine the facts and I determine the law. And therefore, determining both, if I have no evidence to sustain my verdict and it only comes in from a witness that shouldn't give it, then he doesn't get the verdict. But if I have evidence that will sustain the verdict, what difference does it make to make those objections other than to come up on appeal? So I'm saying to you, is there no testimony in this record which would sustain your client guilty other than Agent Gathright's testimony? We would argue that there was no admissible evidence in the record. And if I could turn to that point, the linchpin of the U.S. Attorney's case and every finding made by the district court refers to the TTP materials. We objected to the admission of those evidence, of that evidence, on several basis. One was that it was contrary to their request, their admission that abusive tax filter was not promoted. Also, for lack of foundation, and also no nexus between the fact that these documents that were in the courtroom ever went out to the public. The record is devoid anywhere that these documents were ever distributed to anyone in the public. I asked Agent Gathright that question. He said he had no idea. When the U.S. Attorney asked Mr. Castle that, Mr. Castle said he didn't know if these documents were valid or not. They're not appealing here the authentication of those documents. I believe we are. We did have a section in our brief as to the inadmissibility of those documents. Well, I'm not talking about inadmissibility. They were valid documents. You didn't appeal a hearsay. You didn't appeal they were best evidence. It seems to me that the best thing you appeal here is whether they were relevant or not. Well, I think we appealed on the fact that they lacked foundation. All right. I'll look again. But I guess, again, did we object to these admissions at trial? Your Honor, just to get oh, yes, we did. And I have a list of the pages where I objected to them. But just to be just so the Court will know, Section D-2 has to deal with documents that were not authenticated and lacked foundation. Section 2A is exhibits were not properly authenticated. Section B is they were not self-authenticating. Section 3 is a section on the best evidence rule. Section 4 was the hearsay rule. So I think we did raise those objections in our brief. All right. I'm sorry. Your next question was did I object to them on the record? Exhibits 6, 5, 9, 7, 11, and 13 were admitted on page 133. I immediately objected on page 134. When Agent Gathright testified on page 111 and 112, I again made the same objections. I moved to strike the documents on page 140. Mr. Gathright testified that he had no personal knowledge of the exhibits on page 147 and 148. I then sought to strike the exhibits once again on page 148 with respect to exhibits 2, 3, 5, 6, 7, and 13. I objected to the documents on 160. The Court again overruled me. And finally, at the close of all the evidence and prior to closing arguments, on page 181, I also objected to the documents. Thank you. Thank you, Your Honor. So I've overstepped my time, and so I'd like to reserve the rest of my time for rebuttal. May it please the Court. I'm Curtis Pett representing the United States. Your Honors, it is undisputed in this case that the tax relief system was an abusive tax scheme based on the purported transformation of non-deductible personal expenditures into tax deductions by the simple expedient of establishing a business in the home. It is further undisputed that during the year that Mr. Castle worked for the organization, he was deeply involved in the promotion of the system. In view of the clear documentary evidence of this case, primarily the tax relief system manual, the government's Exhibit No. 6, which is reproduced at Volume 2 of Mr. Castle's Excerpts of Record, Tab 17, in view of that evidence, the district court's finding that Mr. Castle is liable for the Section 6700 penalty cannot be said to be clearly erroneous. And indeed, Mr. Castle in his opening brief does not suggest that the district court's findings were erroneous in any respect. Instead, he seeks to exclude all of the evidence. But his problem in this regard is twofold. First, he did not properly preserve his evidentiary objections in the district court, and second, his evidentiary objections are meritless in any event. Mr. Castle testified that he provided most of these documents, including most importantly the tax relief system manual, to the government himself. So there is no legitimate dispute about its authenticity. And that document shows the nature of the system. It's replete with false statements, and it lists Mr. Castle as one of the co-editors. Now, clearly, White v. McGinnis controls the fact that they waived the request for a jury trial in this case. The district court denied the request for a jury trial, and as far as the record shows, that was the last word said on the matter. Was that at the pretrial conference? I believe so, yes. And then how long was it, or how close was that to the finding of the complaint? The pretrial conference, or was it close to the trial? I would have to look and see. I don't know off the top of my head. It was just before the trial. Well, what's your position? Why did he have to repeat his objection? Why did he have to? Yeah. Well, because under White v. McGinnis, this Court has held that if you proceed to argue vigorously, argue your case before at a bench trial without objecting to the absence of a jury, that you have waived your jury request. Well, I don't quite get it. I have some idea of Judge Conte and his temperament. He would not have been particularly pleased to have continued dispute. He's made the ruling. Why does the objection have to be made again? Just for the record, you have to make some sense of it. Well, there is on the record an objection. Why is it necessary to object twice? So we can hear it? No. It's on the record. Well, Your Honor, I don't believe there is any objection in the record. There was a request in the complaint. There was a request for a jury trial. The district judge denied the request, and that was the end of the matter until on appeal. And under ---- Where would he have asserted his request? Again, let's suppose the pretrial conference was held within 30 days of the trial. I don't know when it was, but let's suppose that's when it was. Then you're saying that our case law would say when the case is called for trial that then the plaintiff should say, well, Your Honor, we've previously requested a jury trial, and I now renew that request. And then the judge said, well, I denied it before, I deny it again. Let's go. And I think that's kind of what you're arguing. That's what should have happened. That's correct. Or you could file a motion for reconsideration. In some manner, you need to object to the denial of the request for a jury trial. So there's an indication at least that you haven't agreed with the judge's denial, but that you're continuing your request, notwithstanding the earlier ruling. That's correct, Your Honor. You could, at the opening of the bench trial, you could observe that you requested a jury trial, and there is no jury, but you have no choice. The court has ordered you to proceed before the bench, and then you would do so according to the court's orders. But as I understand it, counsel, there isn't even anything in this record which would suggest that he did any more than request one in the complaint. That's correct. I mean, there's nothing in this record that said, as he represented to us a minute ago, that he requested it at the pretrial conference. That's not in the record, is it? No, it's not. There's no, nothing in the record that he did anything except put it in his complaint. Isn't that true? That's correct, yes. This is a classic, if you go ahead and proceed before the bench trial, and if you lose, then you seek a second bite at the apple and hope that you fare better before a jury if you get a second chance. And under White v. McGinnis, that's simply not allowed. Mr. Castle's argument that Section 6700 is limited to tax shelters is squarely contrary to the statute and the cases that have construed it in the legislative history. It's very clear that it covers all sorts of abusive arrangements, and it's not limited to tax shelters. And as far as Mr. Gethright's testimony being expert testimony, the district court relied basically on the evidentiary record. I mean, his key testimony was that Mr. Castle provided him with the documents that were entered into evidence in the government's exhibits, and on their face, especially the tax release system manual, on its face, it's replete with false statements about the provisions of the Internal Revenue Code. That alone shows that false statements were made, that it was an abusive tax scheme, and that Mr. Castle was involved in that. Do you agree that Agent Gethright could not testify to the things he testified to? No, I don't. I don't think he offered any expert testimony. He was basically testifying as to the course of his investigation. Can an ordinary witness give testimony that goes to the ultimate question of fact under the Federal rules? The ultimate question of opinion? Yes. No. Okay. So that concludes my comments, unless the Court has any further questions. I don't have any. Do you have any more? No, I don't. Thank you very much. Again, Mark Watson on behalf of the appellant. Interestingly, my colleague used the term abusive tax scheme, which, again, I would say is part of the definition of an abusive tax shelter and part of the definition set forth in section 6662. My colleague is incorrect. The Count Court, which I cited, too, definitely incorporates that definition when applying 6700. It says that you have to look at that in order to determine what 6700 means. When they cited a case, they cited a district court case, not in the court of appeal case, that was prior to the Count Court's decision. So the extent that that says anything, I think it would be overruled, and the district court certainly has more precedence than would a, I mean, a circuit court case that we cite has more precedence than an earlier district court opinion prior to Count. Mr. Castle testified he gave documents to Mr. Gathright. He did not testify that the documents present in court were the documents he gave Mr. Gathright. When I asked Mr. Gathright if these documents here in court were the documents given to you by Mr. Castle, he didn't know. So he said he'd given the file up the chain in 2005 and hadn't seen them for two years. He couldn't testify that the documents in court were the actual documents that he looked at. And then I said, you have any knowledge that these are the actual documents that were shipped out as part of the sale to consumers? He said, no idea. So, again, these are just documents in the court. There's no showing that they were ever sent. So there's no showing that any of them, even if they were full of misstatements, there's no showing that any of those misstatements were ever distributed to anyone. So, again, I think that there was no nexus between the documents presented in court. There was no chain of custody. Of those documents, there was no foundation that those documents were the ones provided to Mr. Gathright or used by TTP or used by Mr. Castle. Thank you, Your Honors. I thank the Court for your time. Do you agree that your only request for a jury trial was in the complaint? No. I put it in my case management conference statement as well, in the joint case management conference statement as well. And I did ask at the hearing, at the trial court. Is that in the record? It's in the record of the trial court. Is it in the record you gave to us? I don't know. I don't know as we sit here now. But I can tell you that Judge Conte did say he didn't want to hear another word about it. And he was. Is that in the record? No. Can you supply us that from the trial court? Yes, I can. Maybe you ought to do that. Okay. As you say, it was in an August 25, 2006 order. That must have been at the pretrial conference. Right. And then how soon after that did the case go to trial? April. April of the following year. Okay. Well, my worry, of course, is, counsel, that I read the record very carefully, having sat on the district court, and tried to find where you had preserved the issue, and I couldn't find it in anything that I have from the record. I did find you'd filed it in your motion or, excuse me, in your complaint. But I had nothing else to help you. And that's why I ask you, how do I get that out from under White? Well, Norbrook was decided after White. And I believe in Norbrook they said every reasonable indulgence has to be made. But Northrop talks about what it talks about. But if I read the record in Northrop, it's totally different than what I saw in this record. It is different, but still I think that a reasonable indulgence has to be made that it wasn't waived. Thank you. Thank you. I appreciate your argument. Thank you both. Case 07-16355, Castle v. United States of America, is hereby submitted.
judges: Noonan, Thompson, Smith